Woodmansee, J.
The last will and -testament of Elizabeth McDonald, deceased, "after disposing of practically all of her property, contains the following residuary clause: “Whatever is left at last, if anything, you may give -to the poor -of the parish.”
This court having found that-said residuary clause is so doubtful, indefinite and uncertain as to the beneficiaries thereof that -the whole was void for want of certainty, is now .asked to instruct the executor as to -the distribution -of the residue -of said estate.
The property of the testatrik consisted of realty which has been sold and the proceeds .are ready for distribution. There is no dispute as to how Elizabeth McDonald came into the ownership of said real estate. Iler husband, Patrick McDonald, died first. Prior to his death, on the 27th day of February, 1894, for a consideration of one dollar he transferred by deed to Elizabeth Gausepohl said property .and later the said Elizabeth Gausepohl for a consideration -of one dollar conveyed the same real estate to the said Elizabeth McDonald. Inasmuch as the residuary clause i-n said will, is set aside the distribution must be according to law.
Section 4159 provides that if the estate came not by descent, devise or deed of gift, it “shall pass to -the brothers and sisters of the intestate of the whole blood, and their legal representatives. ’ ’
Section 4162, Revised Statutes, provides -that:
“Any real estate -or personal property which came to such intestate from any former • deceased husband or wife, by deed of gift, devise or bequest “ * shall pass and descend, one-half to the brothers and sisters of such intestate, or their legal representatives, and one-half to the brothers and sisters of such deceased husband -or wife, from which such personal or real estate came, or their personal representatives.”
The only question involved is as to whether Elizabeth McDon-' aid took such real estate by deed of gift or by deed of purchase.
Dempsey & Nieberding, for heirs of husband.
Galvin Bauer, D. J. Ryan and Robert P. Margiit, for heirs of wife. •
It would seem on the face of it that Patrick McDonald had intended to give this property to his wife by conveying at through a trustee, but in both deeds the consideration of one dollar is expressed and our courts have held that any valuable consideration, such as one dollar, makes the deed a deed of purchase -and not a deed of gift, and while you may attack a deed under some forms of proceeding for the purpose of proving that no consideration passed, you can not attack a deed by parol for the purpose of changing the line of descent of the property therein conveyed. Brown v. Whaley el al, 58 O. S., 654.
“A deed of real estate from the father and mother to their daughter, ‘in consideration of our love and affection for our daughter, and in consideration of the dutiful obedience and faithful services to us of our daughter, .and in further consideration of one ($1.00) dollar to us in band paid by our daughter,’ is not a deed of gift, and the title acquired under such deed came to the daughter not .by deed of gift, but by purchase.”
I quote from the syllabus .of the case of Patterson v. Lamson, 45 O. S., 77:
“1. Under the statutes of descent and distribution the course of descent of real estate -is to be controlled by legal title.”
“3. In determining, in such case, whether an .instrument for the conveyance of land is a deed of gift or a deed of purchase, its recitals of the payment and receipt of the consideration are material; and a recital in such deed that the conveyance by the named grantor to the grantee is made in consideration o 0 a specified sum of money received by .such grantor from the grantee, so far concerns the operation .and effect of the deed as that it is.not competent to show, by'parol proof, that such instrument is, in fact, a deed of gift from a person not named in it, and that the named consideration was in fact paid by him.”
The court bolds that the property in controversy in this cause should be distributed under Section 4159, Eevised Statutes, and pass to the brothers and sisters of Elizabeth McDonald of the whole blood and their legal representatives.